C. H. VENNER CO. v. CENTRAL TRUST CO. OF NEW YORK et al.

(Circuit Court of Appeals, Second Circuit. April 14, 1913.)

No. 139.

TRUSTS (§ 365*)—LACHES—SUIT BY MINORITY STOCKHOLDER.

A delay of more than 10 years by a minority stockholder before commencing suit against a reorganization committee to enforce an alleged trust in their favor *held* to constitute such laches as to debar complainant from equitable relief, there being no evidence of fraud.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 568–573; Dec. Dig. § 365.*]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the C. H. Venner Company against the Central Trust Company of New York and others. Decree for defendants, and complainant appeals. Affirmed.

J. Aspinwall Hodge, of New York City, for appellant.

Albert Rathbone, of New York City (Leland B. Garretson, Albert Rathbone, and A. H. Van Brunt, all of New York City, of counsel), for appellees.

Stetson, Jennings & Russell, of New York City (Francis L. Stetson and Geo. H. Gardiner, both of New York City, of counsel), for individual appellees.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. We agree with Judge Hough that the record shows no evidence of intended fraud or bad faith upon the part of any of the defendants; also, that the complainant has not made out a case against either the Central Trust Company or the Morgan firms.

It will not be necessary to inquire whether the Richmond Terminal Reorganization Committee, the remaining defendant, was under an implied trust to protect the minority holders of the Georgia Company's bonds, as Judge Hough has found and the complainant contends. Conceding that this is so, any cause of action which the complainant had arose not later than 1896, and is barred as stale. We follow the analogy of the statute of limitations. Code Civ. Proc. N. Y. § 388. The committee never acted or pretended to act for the benefit of these minority holders. Its attitude was quite adverse. We discover no excuse for the delay of more than 10 years in filing the bill. If the claim had been promptly presented, the defendants composing the committee would have had the benefit of testimony of which they are now deprived by the death of two of its members. They would also have had the benefit of the testimony of other active

participants, who after so long a period are unable to recall the details of a transaction occurring some 13 years previously.

The decree is affirmed.